**ORIGINAL**

1  THOMAS E. FRANKOVICH,
   **A Professional Law Corporation**
2  THOMAS E. FRANKOVICH (State Bar No. 074414)
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiff
   CRAIG YATES, an individual

*E-filing*

6

7              **UNITED STATES DISTRICT COURT**

8            **NORTHERN DISTRICT OF CALIFORNIA**

9

10  CRAIG YATES, an individual,           ) **CASE NO. 09          5728**
                                          ) Civil Rights
11          Plaintiff,                    )
                                          ) **COMPLAINT FOR INJUNCTIVE RELIEF**
12  v.                                    ) **AND DAMAGES:**
                                          )
13  YANCY'S SALOON; MARIA                 ) **1st CAUSE OF ACTION:** For Denial of Access
    GIOVANNA VALBONESI; and REMO          ) by a Public Accommodation in Violation of the
14  DANILO VALBONESI,                     ) Americans with Disabilities Act of 1990 (42
                                          ) U.S.C. §12101, *et seq.*)
15          Defendants.                   )
                                          ) **2nd CAUSE OF ACTION:** For Denial of Full
16  ──────────────────────────────         and Equal Access in Violation of California
                                            Civil Code §§54, 54.1 and 54.3
17
                                            **3rd CAUSE OF ACTION:** For Denial of
18                                          Accessible Sanitary Facilities in Violation of
                                            California Health & Safety Code §19955, *et seq.*
19
                                            **4th CAUSE OF ACTION:** For Denial of
20                                          Access to Full and Equal Accommodations,
                                            Advantages, Facilities, Privileges and/or
21                                          Services in Violation of California Civil Code
                                            §51, *et seq.* (The Unruh Civil Rights Act)
22

23

24                                          **DEMAND FOR JURY**

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiff CRAIG YATES, an individual, complains of defendants MARIA GIOVANNA
2    VALBONESI ; and REMO DANILO VALBONESI, dba YANCY'S SALOON and alleges as
3    follows:

4    **INTRODUCTION:**

5        1.    This is a civil rights action for discrimination against persons with physical
6    disabilities, of which class plaintiff CRAIG YATES and the disability community are members,
7    for failure to remove architectural barriers structural in nature at defendants' YANCY'S
8    SALOON, a place of public accommodation, thereby discriminatorily denying plaintiff and the
9    class of other similarly situated persons with physical disabilities access to, the full and equal
10   enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and
11   accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the
12   Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,
13   51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

14       2.    Plaintiff CRAIG YATES is a person with physical disabilities who, on or about
15   June 12, 2009, June 27, 2009, September 6, 2009 and November 18, 2009, was an invitee, guest,
16   patron, customer at defendants' YANCY'S SALOON, in the City of San Francisco, California.
17   At said times and place, defendants failed to provide proper legal access to the saloon, which is a
18   "public accommodation" and/or a "public facility" including, but not limited to signage,
19   entrance(s), path of travel, men's restroom and women's restroom. The denial of access was in
20   violation of both federal and California legal requirements, and plaintiff CRAIG YATES
21   suffered violation of his civil rights to full and equal access, and was embarrassed and
22   humiliated.

23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

**JURISDICTION AND VENUE:**

3. **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4. **Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 734 Irving Street, in the City and County of San Francisco, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

5. Plaintiff CRAIG YATES is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff CRAIG YATES is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

1    6.    Defendants MARIA GIOVANNA VALBONESI ; and REMO DANILO

2    VALBONESI (hereinafter alternatively collectively referred to as "defendants") are the owners

3    and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public

4    accommodation known as YANCY'S SALOON, located at/near 734 Irving Street, San

5    Francisco, California, or of the building and/or buildings which constitute said public

6    accommodation.

7    7.    At all times relevant to this complaint, defendants MARIA GIOVANNA

8    VALBONESI ; and REMO DANILO VALBONESI, own and operate in joint venture the subject

9    YANCY'S SALOON as a public accommodation. This business is open to the general public

10   and conducts business therein. The business is a "public accommodation" or "public facility"

11   subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety

12   code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

13   8.    At all times relevant to this complaint, defendants MARIA GIOVANNA

14   VALBONESI ; and REMO DANILO VALBONESI are jointly and severally responsible to

15   identify and remove architectural barriers at the subject YANCY'S SALOON pursuant to Code

16   of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

17   **§ 36.201    General**

18         (b) *Landlord and tenant responsibilities.* Both the landlord
           who owns the building that houses a place of public
19         accommodation and the tenant who owns or operates the place of
           public accommodation are public accommodations subject to the
20         requirements of this part. As between the parties, allocation of
           responsibility for complying with the obligations of this part may
21         be determined by lease or other contract.

22         28 CFR §36.201(b)

23   **PRELIMINARY FACTUAL ALLEGATIONS:**

24   9.    The YANCY'S SALOON, is a bar, located at/near 734 Irving Street, San

25   Francisco, California. The YANCY'S SALOON, its signage, entrance(s), path of travel, men's

26   restroom and women's restroom, and its other facilities are each a "place of public

27   accommodation or facility" subject to the barrier removal requirements of the Americans with

28   Disabilities Act.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1   On information and belief, each such facility has, since July 1, 1970, undergone "alterations,
2 structural repairs and additions," each of which has subjected the YANCY'S SALOON and each
3 of its facilities, its signage, entrance(s), path of travel, men's restroom and women's restroom to
4 disability access requirements per the Americans with Disabilities Act Accessibility Guidelines
5 (ADAAG), and Title 24 of the California Code of regulations (Title 24).

6     10.    On or about April 30, 1998, defendants' and each of them purchased and/or
7 took possessory control of the premises now known as YANCY'S SALOON. At all times prior
8 thereto, defendants' and each of them were aware of their obligation prior to the close of escrow,
9 or upon taking possessory interest that public accommodations had a duty to identify and remove
10 architectural barriers and were aware that the saloon was not accessible to the disabled.
11 Nevertheless, defendants' and each of them, operated the saloon as though it was accessible.

12     11.    At all times stated herein, defendants' and each of them with the knowledge that
13 each of them had a continuing obligation to identify and remove architectural barriers where it
14 was readily achievable to do so, failed to adopt a transition plan to provide better and/or
15 compliant access to the subject accommodation.

16     12.    At all times referred to herein and continuing to the present time, defendants, and
17 each of them, advertised, publicized and held out the YANCY'S SALOON as being handicapped
18 accessible and handicapped usable.

19     13.    On or about June 12, 2009, June 27, 2009, September 6, 2009 and
20 November 18, 2009, plaintiff CRAIG YATES was an invitee and guest at the subject YANCY'S
21 SALOON, for purposes of having drinks and socialization.

22     14.    On or about June 12, 2009, plaintiff CRAIG YATES patronized YANCY'S
23 SALOON. He arrived sometime after 7:00 p.m. It was crowded. Plaintiff CRAIG YATES
24 could not access the bar area as there were step(s) down to the bar from the level where plaintiff
25 CRAIG YATES entered the saloon.

26   ///
27   ///
28   ///

1    15.    Plaintiff CRAIG YATES noted that it appeared that a doorway leading from the
2    sidewalk into the saloon could be provided. This would allow immediate access.

3    16.    At said time and place, plaintiff CRAIG YATES was seated at an inaccessible
4    table. Plaintiff CRAIG YATES did not see any accessible table. Plaintiff CRAIG YATES was
5    on a level higher than the bar area.

6    17.    At said time and place, plaintiff CRAIG YATES inquired from a waitress where
7    the men's restroom was located. The waitress replied in substance, that there was no way to
8    access the men's restroom due to the different floor levels.

9    18.    On or about June 27, 2009, plaintiff CRAIG YATES returned to YANCY'S
10   SALOON. He arrived sometime after 5:00 p.m. There was a moderate number of patrons.
11   There were no accessible tables. Plaintiff CRAIG YATES wanted to go to the bar. Employees
12   brought out a noncomplying wood ramp. Plaintiff CRAIG YATES used the ramp with
13   trepidation.

14   19.    On or about July 17, 2009, plaintiff CRAIG YATES wrote the landlord and the
15   tenant about the access issues. Plaintiff CRAIG YATES never received a response.

16   20.    On or about September 6, 2009, after the letters were written, plaintiff CRAIG
17   YATES once again patronized YANCY'S SALOON. Plaintiff CRAIG YATES noted no
18   remedial work had been done. There were no accessible tables. When plaintiff CRAIG YATES
19   attempted to go to the bar area, the same noncompliant ramp was used.

20   21.    At said time and place, plaintiff CRAIG YATES needed to use a restroom. On
21   this occasion, a second ramp was brought out (also noncompliant) that allowed plaintiff CRAIG
22   YATES to be ascended to another level where the restrooms were located.

23   22.    At said time and place, plaintiff CRAIG YATES encountered a corridor leading to
24   the restrooms which was encroached by stored tables and chairs.

25   ///
26   ///
27   ///
28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1    23.    At said time and place, plaintiff CRAIG YATES entered the men's restroom.

2  Plaintiff CRAIG YATES encountered a multitude of architectural barriers. It was not accessible,

3  to wit: no grab bars; high dispensers, unwrapped "p" trap; noncompliant door hardware; no strike

4  side; and small stall(s). Plaintiff CRAIG YATES became trapped in the restroom and he could

5  only extricate himself when another patron coming into the restroom opened the door.

6    24.    On or about November 18, 2009, plaintiff CRAIG YATES returned to YANCY'S

7  SALOON.

8    25.    At said time and place upon entering, plaintiff CRAIG YATES saw a printed

9  sign which stated in substance: "Waitress not available tonight, come to the bar for service."

10  Plaintiff CRAIG YATES was unable to reach the bar do to the difference in elevation of each

11  floor.

12    26.    At said time and place, the bar area was filled to the capacity with patrons as was

13  the upper level. Even though plaintiff CRAIG YATES tried to get the attention of the bartender,

14  it was to no avail. There was only six (6) patrons in the same section as plaintiff CRAIG

15  YATES.

16    27.    At said time and place, contrary to the sign mentioned herein, a cocktail waitress

17  was working the upper level but plaintiff CRAIG YATES was unable to get service from the

18  waitress.

19    28.    Plaintiff CRAIG YATES needed to use an accessible restroom, but plaintiff

20  CRAIG YATES felt that it was a futile gesture to attempt. Plaintiff CRAIG YATES then left

21  after twenty (20) minutes and went to the Starbucks nearby.

22    29.    At said times and place, plaintiff CRAIG YATES discovered that defendants

23  MARIA GIOVANNA VALBONESI; and REMO DANILO VALBONESI, had a policy of only

24  conducting their business in cash and did not offer receipts unless requested. Said policy works

25  to subvert the readily achievable standard under the Code of Federal Regulations.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

1    30.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a

2  disability, encountered the following inaccessible elements of the subject YANCY'S SALOON

3  which constituted architectural barriers and a denial of the proper and legally-required access to a

4  public accommodation to persons with physical disabilities including, but not limited to:

5          a.    lack of directional signage to show accessible routes of travel, i.e.,
                 entrances;
6
7          b.    lack of an accessible west entrance into the bar itself;

8          c.    lack of an accessible dining area; 5% compliance requirement;

9          d.    lack of a handicapped-accessible women's public restroom;

10         e.    lack of a handicapped-accessible men's public restroom;

11         f.    lack of a clear path of travel to the restrooms;

12         g.    lack of an accessible bar;

13         h.    lack of a path of travel (ramping) from upper level to the lowered levels and
                 to the men's and women's restroom; and

14         i.    On personal knowledge, information and belief, other public facilities and
15               elements too numerous to list were improperly inaccessible for use by
                 persons with physical disabilities.
16

17   31.    At all times stated herein, the existence of architectural barriers at defendants'

18  place of public accommodation evidenced "actual notice" of defendants' intent not to comply

19  with the Americans with Disabilities Act of 1990 either then, now or in the future.

20   32.    On or about July 17, 2009, defendant(s) were sent two (2) letters by or on behalf of

21  plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response

22  within 14 days and requesting remedial measures be undertaken within 90 days or an explanation

23  of why the time limit set could not be met and/or extenuating circumstances. Said letters are

24  attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth

25  herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and

26  reasonable resolution of the matter.

27  ///

28  ///

1    33. As a legal result of defendants MARIA GIOVANNA VALBONESI ; and REMO
2  DANILO VALBONESI's failure to act as a reasonable and prudent public accommodation in
3  identifying, removing or creating architectural barriers, policies, practices and procedures that
4  denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as
5  alleged herein.

6    34. As a further legal result of the actions and failure to act of defendants, and as a
7  legal result of the failure to provide proper handicapped-accessible public facilities as set forth
8  herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff
9  CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical
10  disabilities to full and equal access to public facilities.

11    35. Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
12  mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
13  embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
14  person with physical disabilities being denied access, all to his damages as prayed hereinafter in
15  an amount within the jurisdiction of this court. No claim is being made for mental and emotional
16  distress over and above that usually associated with the discrimination and physical injuries
17  claimed, and no expert testimony regarding this usual mental and emotional distress will be
18  presented at trial in support of the claim for damages.

19    36. Defendants', and each of their, failure to remove the architectural barriers
20  complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
21  accommodation, and continues to create continuous and repeated exposure to substantially the
22  same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1       37.    Plaintiff CRAIG YATES was denied his rights to equal access to a public facility
2 by defendants MARIA GIOVANNA VALBONESI; and REMO DANILO VALBONESI, because
3 defendants MARIA GIOVANNA VALBONESI; and REMO DANILO VALBONESI maintained
4 a bar without access for persons with physical disabilities to its facilities, including but not limited
5 to the signage, entrance(s), path of travel, men's restroom, women's restroom and other public
6 areas as stated herein, and continue to the date of filing this complaint to deny equal access to
7 plaintiff and other persons with physical disabilities in these and other ways.

8       38.    On information and belief, construction alterations carried out by defendants have
9 also triggered access requirements under both California law and the Americans with Disabilities
10 Act of 1990.

11      39.    Plaintiff, as described hereinbelow, seeks injunctive relief to require the
12 YANCY'S SALOON to be made accessible to meet the requirements of both California law and
13 the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants
14 operate the subject saloon as a public facility.

15      40.    Plaintiff seeks damages for violation of their civil rights on June 12, 2009,
16 June 27, 2009, September 6, 2009 and November 18, 2009 and seeks statutory damages of not
17 less than \$4,000, pursuant to Civil Code §52(a) or alternatively \$1000 pursuant to Civil Code
18 §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that
19 some or all remedial work should have been completed under the standard that the landlord and
20 tenant had an ongoing duty to identify and remove architectural barriers where it was readily
21 achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject public
22 accommodation because of his knowledge and/or belief that neither some or all architectural
23 barriers had been removed and that said premises remains inaccessible to persons with disabilities
24 whether a wheelchair user or otherwise.

25      41.    On information and belief, defendants have been negligent in their affirmative duty
26 to identify the architectural barriers complained of herein and negligent in the removal of some or
27 all of said barriers.

28 ///

1      42.     Because of defendants' violations, plaintiff and other persons with physical
2 disabilities are unable to use public facilities such as those owned and operated by defendants on a
3 "full and equal" basis unless such facility is in compliance with the provisions of the Americans
4 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
5 other accessibility law as plead herein. Plaintiff seeks an order from this court compelling
6 defendants to make the subject saloon accessible to persons with disabilities.

7      43.     On information and belief, defendants have intentionally undertaken to modify and
8 alter existing building(s), and have failed to make them comply with accessibility requirements
9 under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each
10 of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit
11 and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried
12 out by defendants, and each of them, with a willful and conscious disregard for the rights and
13 safety of plaintiff and other similarly situated persons, and justify a trebling of damages as
14 provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
15 defendants, and each of them, to other operators and landlords of other bars, saloons and other
16 public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51,
17 51.5 and 54.

18      44.     Plaintiff is informed and believes and therefore alleges that defendants MARIA
19 GIOVANNA VALBONESI ; and REMO DANILO VALBONESI, and each of them, caused the
20 subject building(s) which constitute the YANCY'S SALOON to be constructed, altered and
21 maintained in such a manner that persons with physical disabilities were denied full and equal
22 access to, within and throughout said building(s) of the saloon and were denied full and equal use
23 of said public facilities. Furthermore, on information and belief, defendants have continued to
24 maintain and operate said saloon and/or its building(s) in such conditions up to the present time,
25 despite actual and constructive notice to such defendants that the configuration of the YANCY'S
26 SALOON and/or its building(s) is in violation of the civil rights of persons with physical
27 disabilities, such as plaintiff CRAIG YATES, and other members of the disability community.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1 Such construction, modification, ownership, operation, maintenance and practices of such public
2 facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and
3 the ADA, 42 U.S.C. §12101, *et seq.*

4     45. On personal knowledge, information and belief, the basis of defendants' actual and
5 constructive notice that the physical configuration of the facilities including, but not limited to,
6 architectural barriers constituting the YANCY'S SALOON and/or building(s) was in violation of
7 the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited
8 to, communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other
9 restaurants, bars, saloons, hotels, motels and businesses, notices they obtained from governmental
10 agencies upon modification, improvement, or substantial repair of the subject premises and other
11 properties owned by these defendants, newspaper articles and trade publications regarding the
12 Americans with Disabilities Act of 1990 and other access laws, public service announcements by
13 former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.
14 Defendants' failure, under state and federal law, to make the YANCY'S SALOON accessible is
15 further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly
16 situated persons with disabilities. Despite being informed of such effect on plaintiff and other
17 persons with physical disabilities due to the lack of accessible facilities, defendants, and each of
18 them, knowingly and willfully refused to take any steps to rectify the situation and to provide full
19 and equal access for plaintiff and other persons with physical disabilities to the subject saloon.
20 Said defendants, and each of them, have continued such practices, in conscious disregard for the
21 rights of plaintiff and other persons with physical disabilities, up to the date of filing of this
22 complaint, and continuing thereon. Defendants had further actual knowledge of the architectural
23 barriers referred to herein by virtue of the demand letter addressed to the defendants and served
24 concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was
25 and is having on plaintiff and other persons with physical disabilities, constitutes despicable
26 conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated
27 persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.
28 ///

1      46.    Plaintiff CRAIG YATES and the disability community, consisting of persons with

2 disabilities, would, could and will return to the subject public accommodation when it is made

3 accessible to persons with disabilities.

4 **I. FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
**ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

5      **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, et seq.)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants MARIA

6      GIOVANNA VALBONESI ; and REMO DANILO VALBONESI, inclusive)
(42 U.S.C. §12101, *et seq.*)

7

     47.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

8

the allegations contained in paragraphs 1 through 46 of this complaint.

9

     48.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

10

§12101 regarding persons with physical disabilities, finding that laws were needed to more fully

11

protect:

12

13           some 43 million Americans with one or more physical or mental
disabilities; [that] historically society has tended to isolate and
segregate individuals with disabilities; [that] such forms of

14           discrimination against individuals with disabilities continue to be a
serious and pervasive social problem; [that] the nation's proper

15           goals regarding individuals with disabilities are to assure equality of
opportunity, full participation, independent living and economic

16           self-sufficiency for such individuals; [and that] the continuing
existence of unfair and unnecessary discrimination and prejudice

17           denies people with disabilities the opportunity to compete on an
equal basis and to pursue those opportunities for which our free

18           society is justifiably famous.

19      49.    Congress stated as its purpose in passing the Americans with Disabilities Act of

20 1990 (42 U.S.C. §12102):

21           It is the purpose of this act (1) to provide a clear and comprehensive
national mandate for the elimination of discrimination against

22           individuals with disabilities; (2) to provide clear, strong, consistent,
enforceable standards addressing discrimination against individuals

23           with disabilities; (3) to ensure that the Federal government plays a
central role in enforcing the standards established in this act on

24           behalf of individuals with disabilities; and (4) to invoke the sweep
of Congressional authority, including the power to enforce the 14th

25           Amendment and to regulate commerce, in order to address the
major areas of discrimination faced day to day by people with

26           disabilities.

27 ///

28 ///

1   50.   As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3 Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

4 accommodations identified for purposes of this title was:

> (7)   PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink.
>
> 42 U.S.C. §12181(7)(B)

10   51.   Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

11 on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

12 privileges, advantages, or accommodations of any place of public accommodation by any person

13 who owns, leases, or leases to, or operates a place of public accommodation."

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1    52.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

2  42 U.S.C. §12182(b)(2)(a) are:

3                (I)    the imposition or application of eligibility criteria
        that screen out or tend to screen out an individual with a disability
4        or any class of individuals with disabilities from fully and equally
        enjoying any goods, services, facilities, privileges, advantages, or
5        accommodations, unless such criteria can be shown to be necessary
        for the provision of the goods, services, facilities, privileges,
6        advantages, or accommodations being offered;

7                (ii)    a failure to make reasonable modifications in
        policies, practices, or procedures, when such modifications are
8        necessary to afford such goods, services, facilities, privileges,
        advantages or accommodations to individuals with disabilities,
9        unless the entity can demonstrate that making such modifications
        would fundamentally alter the nature of such goods, services,
10        facilities, privileges, advantages, or accommodations;

11                (iii)    a failure to take such steps as may be necessary to
        ensure that no individual with a disability is excluded, denied
12        services, segregated or otherwise treated differently than other
        individuals because of the absence of auxiliary aids and services,
13        unless the entity can demonstrate that taking such steps would
        fundamentally alter the nature of the good, service, facility,
14        privilege, advantage, or accommodation being offered or would
        result in an undue burden;

15
                (iv)    a failure to remove architectural barriers, and
16        communication barriers that are structural in nature, in existing
        facilities . . . where such removal is readily achievable; and
17
                (v)    where an entity can demonstrate that the removal of
18        a barrier under clause (iv) is not readily achievable, a failure to
        make such goods, services, facilities, privileges, advantages or
19        accommodations available through alternative methods if such
        methods are readily achievable.
20  The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

21  Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

22  January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

23  §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

24    53.    The removal of the barriers complained of by plaintiff as hereinabove alleged was

25  at all times after January 26, 1992 "readily achievable" as to the subject building(s) of YANCY'S

26  SALOON pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the

27  removal of all the barriers complained of herein together was not "readily achievable," the

28  removal of each individual barrier complained of herein was "readily achievable."

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

1 On information and belief, defendants' failure to remove said barriers was likewise due to
2 discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182
3 (b)(2)(A)(i)and (ii).

4     54.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
5 accomplishable and able to be carried out without much difficulty or expense." The statute
6 defines relative "expense" in part in relation to the total financial resources of the entities
7 involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that
8 plaintiff complains of herein were and are "readily achievable" by the defendants under the
9 standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was
10 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
11 make the required services available through alternative methods which were readily achievable.

12     55.     On information and belief, construction work on, and modifications of, the subject
13 building(s) of said saloon occurred after the compliance date for the Americans with Disabilities
14 Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

15     56.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
16 *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
17 Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
18 of disability in violation of this title or have reasonable grounds for believing that plaintiff is about
19 to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or
20 making use of the public facilities complained of herein so long as the premises and defendants'
21 policies bar full and equal use by persons with physical disabilities.

22     57.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
23 disability to engage in a futile gesture if such person has actual notice that a person or
24 organization covered by this title does not intend to comply with its provisions." Pursuant to this
25 section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about
26 November 18, 2009, but on information and belief, alleges that defendants have continued to
27 violate the law and deny the rights of plaintiff and of other persons with physical disabilities to
28 access this public accommodation.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1 Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive

2 relief shall include an order to alter facilities to make such facilities readily accessible to and

3 usable by individuals with disabilities to the extent required by this title."

4     58.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

5 Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

6 the Americans with Disabilities Act of 1990, including but not limited to an order granting

7 injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

8 deemed to be the prevailing party.

9 **II.   SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS**
     **IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEO.**
10      (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants MARIA
     GIOVANNA VALBONESI ; and REMO DANILO VALBONESI, inclusive)
11      (California Civil Code §§54, 54.1, 54.3, *et seq.)*

12     59.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the

13 allegations contained in paragraphs 1 through 58 of this complaint.

14     60.    At all times relevant to this action, California Civil Code §54 has provided that

15 persons with physical disabilities are not to be discriminated against because of physical handicap

16 or disability. This section provides that:

17              (a) Individuals with disabilities . . . have the same rights as
           the general public to full and free use of the streets, highways,
18            sidewalks, walkways, public buildings, medical facilities, including
           hospitals, clinics, and physicians' offices, and other public places.
19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

1    61.    California Civil Code §54.1 provides that persons with disabilities shall not be

2  denied full and equal access to places of public accommodation or facilities:

3              (a)(1) Individuals with disabilities shall be entitled to full
               and equal access, as other members of the general public, to
4              accommodations, advantages, facilities, medical facilities, including
               hospitals, clinics, and physicians' offices, and privileges of all
5              common carriers, airplanes, motor vehicles, railroad trains,
               motorbuses, streetcars, boats, or any other public conveyances or
6              modes of transportation (whether private, public, franchised,
               licensed, contracted, or otherwise provided), telephone facilities,
7              adoption agencies, private schools, hotels, lodging places, places of
               public accommodation, amusement or resort, and other places to
8              which the general public is invited, subject only to the conditions
               and limitations established by law, or state or federal regulation, and
9              applicable alike to all persons.

10             Civil Code §54.1(a)(1)

11   62.    California Civil Code §54.1 further provides that a violation of the Americans with

12  Disabilities Act of 1990 constitutes a violation of section 54.1:

13             (d) A violation of the right of an individual under the
               Americans with Disabilities Act of 1990 (Public Law 101-336) also
14             constitutes a violation of this section, and nothing in this section
               shall be construed to limit the access of any person in violation of
15             that act.

16             Civil Code §54.1(d)

17   63.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

18  whose rights have been infringed upon and violated by the defendants, and each of them, as

19  prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants

20  knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

21  Code §§54 and 54.1.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1    Plaintiff has been and continue to be denied full and equal access to defendants' YANCY'S

2   SALOON. As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury

3   determination, in accordance with California Civil Code §54.3(a) for each day on which he visited

4   or have been deterred from visiting the YANCY'S SALOON because of his knowledge and belief

5   that the subject saloon is inaccessible to persons with disabilities. California Civil Code §54.3(a)

6   provides:

7            Any person or persons, firm or corporation, who denies or interferes
             with admittance to or enjoyment of the public facilities as specified
8            in Sections 54 and 54.1 or otherwise interferes with the rights of an
             individual with a disability under Sections 54, 54.1 and 54.2 is
9            liable for each offense for the actual damages and any amount as
             may be determined by a jury, or the court sitting without a jury, up
10           to a maximum of three times the amount of actual damages but in
             no case less than . . .one thousand dollars ($1,000) and . . .
11           attorney's fees as may be determined by the court in addition
             thereto, suffered by any person denied any of the rights provided in
12           Sections 54, 54.1 and 54.2.

13           Civil Code §54.3(a)

14        64.    On or about June 12, 2009, June 27, 2009, September 6, 2009 and November 18,

15   2009, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff

16   CRAIG YATES was denied access to signage, entrance(s), path of travel, men's restroom,

17   women's restroom and other public facilities as stated herein at the YANCY'S SALOON and on

18   the basis that plaintiff CRAIG YATES was a person with physical disabilities.

19        65.    As a result of the denial of equal access to defendants' facilities due to the acts and

20   omissions of defendants, and each of them, in owning, operating and maintaining these subject

21   public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

22   rights under Civil Code §§54, 54.1 and 54.3.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1    66.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
2 anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
3 and worry, all of which are expectedly and naturally associated with a denial of access to a person
4 with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
5 omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a
6 person or an entity that represents persons with physical disabilities and unable, because of the
7 architectural barriers created and maintained by the defendants in violation of the subject laws, to
8 use the public facilities hereinabove described on a full and equal basis as other persons.

9    67.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and
10 seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights
11 as a person or an entity that represents persons with physical disabilities on or about June 12,
12 2009, June 27, 2009, September 6, 2009 and November 18, 2009, and on a continuing basis since
13 then, including statutory damages, a trebling of all of actual damages, general and special damages
14 available pursuant to §54.3 of the Civil Code according to proof.

15    68.    As a result of defendants', and each of their, acts and omissions in this regard,
16 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce
17 plaintiff's rights and enforce the provisions of the law protecting access for persons with physical
18 disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
19 the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all
20 reasonable attorneys' fees and costs incurred if deemed the prevailing party.

21 Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to
22 plaintiff, but also to compel the defendants to make their facilities accessible to all members of the
23 public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party,
24 pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

25 ///
26 ///
27 ///
28 ///

1  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
        FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
2        (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants MARIA
        GIOVANNA VALBONESI ; and REMO DANILO VALBONESI, inclusive)
3        (Health & Safety Code §19955, *et seq.*)

4        69.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

5  the allegations contained in paragraphs 1 through 68 of this complaint.

6        70.    Health & Safety Code §19955 provides in pertinent part:

7            The purpose of this part is to insure that public accommodations or
            facilities constructed in this state with private funds adhere to the
8            provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
            of Title 1 of the Government Code. For the purposes of this part
9            "public accommodation or facilities" means a building, structure,
            facility, complex, or improved area which is used by the general
10            public and shall include auditoriums, hospitals, theaters, restaurants,
            hotels, motels, stadiums, and convention centers. When sanitary
11            facilities are made available for the public, clients or employees in
            such accommodations or facilities, they shall be made available for
12            the handicapped.

13        71.    Health & Safety Code §19956, which appears in the same chapter as §19955,

14  provides in pertinent part, "accommodations constructed in this state shall conform to the

15  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

16  Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

17  public accommodations constructed or altered after that date. On information and belief, portions

18  of the YANCY'S SALOON and/or of the building(s) were constructed and/or altered after July 1,

19  1970, and substantial portions of the YANCY'S SALOON and/or the building(s) had alterations,

20  structural repairs, and/or additions made to such public accommodations after July 1, 1970,

21  thereby requiring said saloon and/or building to be subject to the requirements of Part 5.5,

22  §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions

23  per Health & Safety Code §19959.

24        72.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

25  Architect promulgated regulations for the enforcement of these provisions. Effective July 1,

26  1982, Title 24 of the California Building Standards Code adopted the California State Architect's

27  Regulations and these regulations must be complied with as to any alterations and/or

28  modifications of the subject saloon and/or the building(s) occurring after that date.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 Construction changes occurring prior to this date but after July 1, 1970 triggered access
2 requirements pursuant to the "ASA" requirements, the American Standards Association
3 Specifications, A117.1-1961. On information and belief, at the time of the construction and
4 modification of said building, all buildings and facilities covered were required to conform to
5 each of the standards and specifications described in the American Standards Association
6 Specifications and/or those contained in Title 24 of the California Building Standards Code.

7    73.    Saloons such as the YANCY'S SALOON are "public accommodations or
8 facilities" within the meaning of Health & Safety Code §19955, *et seq*.

9    74.    As a result of the actions and failure to act of defendants, and as a result of the
10 failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied
11 plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil
12 rights and plaintiff's rights as a person with physical disabilities to full and equal access to public
13 facilities.

14    75.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
15 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's
16 civil rights and enforce provisions of the law protecting access for the persons with physical
17 disabilities and prohibiting discrimination against the persons with physical disabilities, and to
18 take such action both in plaintiff's own interests and in order to enforce an important right
19 affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all
20 reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
21 §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953
22 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and
23 litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).
24 Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

25    76.    Plaintiff seeks injunctive relief for an order compelling defendants, and each of
26 them, to make the subject place of public accommodation readily accessible to and usable by
27 persons with disabilities.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

IV. **FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants MARIA GIOVANNA VALBONESI ; and REMO DANILO VALBONESI, inclusive)
(Civil Code §51, 51.5)

77.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

the allegations contained in paragraphs 1 through 76 of this complaint.

78.    Defendants' actions and omissions and failure to act as a reasonable and prudent

public accommodation in identifying, removing and/or creating architectural barriers, policies,

practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

///

///

///

///

1 As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

2 "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

3 failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

4 failing to act to identify and remove barriers can be construed as a "negligent per se" act of

5 defendants, and each of them.

6    79.    The acts and omissions of defendants stated herein are discriminatory in nature and

7 in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall
> discriminate against, boycott or blacklist, refuse to buy from, sell to,
> or trade with any person in this state because of the race, creed,
> religion, color, national origin, sex, or **disability** of the person or of
> the person's partners, members, stockholders, directors, officers,
> managers, superintendents, agents, employees, business associates,
> suppliers, or customers.

> As used in this section, "person" includes any person, firm
> association, organization, partnership, business trust, corporation,
> limited liability company, or company.

> Nothing in this section shall be construed to require any
> construction, alteration, repair, structural or otherwise, or
> modification of any sort whatsoever, beyond that construction,
> alteration, repair or modification that is otherwise required by other
> provisions of law, to any new or existing establishment, facility,
> building, improvement, or any other structure . . . nor shall anything
> in this section be construed to augment, restrict or alter in any way
> the authority of the State Architect to require construction,
> alteration, repair, or modifications that the State Architect otherwise
> possesses pursuant to other laws.

20    80.    Defendants' acts and omissions as specified have denied to the plaintiff full and

21 equal accommodations, advantages, facilities, privileges and services in a business establishment,

22 on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

23 Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

24 violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

25 Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates

26 the entirety of his above cause of action for violation of the Americans with Disabilities Act at

27 §47, *et seq.*, as if repled herein.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

1    81.    As a further legal result of the actions and failure to act of defendants, and as a
2 legal result of the failure to provide proper handicapped-accessible public facilities as set forth
3 herein, plaintiff was denied his civil rights to full and equal access to public facilities.

4    82.    Further, plaintiff CRAIG YATES suffered mental distress, mental
5 suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,
6 disappointment and worry, all of which are expectedly and naturally associated with a denial of
7 access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.
8 Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole
9 basis that plaintiff is a person or an entity that represents persons with physical disabilities and
10 unable, because of the architectural barriers created and maintained by the defendants in violation
11 of the subject laws, to use the public facilities hereinabove described on a full and equal basis as
12 other persons.

13    83.    Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)
14 of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to
15 mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is
16 allowed by statute, according to proof if deemed to be the prevailing party.

17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 **PRAYER:**

2 Plaintiff prays that this court award damages and provide relief as follows:

3 **I. PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
4 **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants MARIA
5 GIOVANNA VALBONESI ; and REMO DANILO VALBONESI, inclusive)
(42 U.S.C. §12101, *et seq.*)
6
1. For injunctive relief, compelling defendants MARIA GIOVANNA VALBONESI;
7
and REMO DANILO VALBONESI, inclusive, to make the YANCY'S SALOON, located at 734
8
Irving Street, San Francisco, California, readily accessible to and usable by individuals with
9
disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies,
10
practice, eligibility criteria and procedures so as to afford full access to the goods, services,
11
facilities, privileges, advantages and accommodations being offered.
12
2. For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the
13
prevailing party; and
14
3. For such other and further relief as the court may deem proper.
15
**II. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
16 **EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEO.***
17 (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants MARIA
GIOVANNA VALBONESI ; and REMO DANILO VALBONESI, inclusive)
18 (California Civil Code §§54, 54.1, 54.3, *et seq.*)

19 1. For injunctive relief, compelling defendants MARIA GIOVANNA VALBONESI;

20 and REMO DANILO VALBONESI, inclusive, to make the YANCY'S SALOON, located at 734

21 Irving Street, San Francisco, California, readily accessible to and usable by individuals with

22 disabilities, per state law.

23 2. Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

24 each occasion on which plaintiff was deterred from returning to the subject public

25 accommodation.

26 3. Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

27 if plaintiffs are deemed the prevailing party;

28 4. Treble damages pursuant to Civil Code §54.3;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

1    5.    General damages according to proof;

2    6.    For all costs of suit;

3    7.    Prejudgment interest pursuant to Civil Code §3291; and

4    8.    Such other and further relief as the court may deem just and proper.

5  **III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
6  **§19955,** *ET. SEO.*
   (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants MARIA
7  GIOVANNA VALBONESI ; and REMO DANILO VALBONESI, inclusive)
   (Health & Safety code §19955, *et seq.*)
8
      1.    For injunctive relief, compelling defendants MARIA GIOVANNA VALBONESI;
9
   and REMO DANILO VALBONESI, inclusive, to make the YANCY'S SALOON, located at 734
10
   Irving Street, San Francisco, California, readily accessible to and usable by individuals with
11
   disabilities, per state law.
12
      2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,
13
   alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;
14
      3.    For all costs of suit;
15
      4.    For prejudgment interest pursuant to Civil Code §3291;
16
      5.    Such other and further relief as the court may deem just and proper.
17
**IV.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO**
18 **FULL AND EOUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
   **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL**
19 **CODE §51,** *ET SEO.* **(THE UNRUH CIVIL RIGHTS ACT)**
   (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants MARIA
20 GIOVANNA VALBONESI ; and REMO DANILO VALBONESI, inclusive)
   (California Civil Code §§51, 51.5, *et seq.*)
21
22    1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and

23 for each occasion on which plaintiff was deterred from returning to the subject public

24 accommodation;

25    2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing

26 party;

27    3.    General damages according to proof;

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

1    4.    Treble damages pursuant to Civil Code §52(a);

2    5.    For all costs of suit;

3    6.    Prejudgment interest pursuant to Civil Code §3291; and

4    7.    Such other and further relief as the court may deem just and proper.

5

6   Dated: _21 / 19 / 09_ , 2009        THOMAS E. FRANKOVICH,
                                        *A PROFESSIONAL LAW CORPORATION*
7

8                                       By:
9
                                        THOMAS E. FRANKOVICH
10                                      Attorneys for Plaintiff CRAIG YATES, an individual

11

12                              **DEMAND FOR JURY TRIAL**

13          Plaintiff hereby demands a jury for all claims for which a jury is permitted.

14

15   Dated: _11/19/09_ , 2009          THOMAS E. FRANKOVICH,
                                        *A PROFESSIONAL LAW CORPORATION*
16

17

18                                      By:
                                        THOMAS E. FRANKOVICH
19                                      Attorneys for Plaintiff CRAIG YATES, an individual

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28

Exhibit A

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

July 17, 2009

Manager
Yancy's Saloon
734 Irving Street
San Francisco, CA 94122

Dear Manager of Yancy's:

Recently, I visited Yancy's on a couple of occasions. As I use a wheelchair, I had problems with all the different levels and steps. Why are there so many levels? I couldn't get to the restrooms because there were no signs and I couldn't go look for them. Are the restrooms usable for the disabled? Why can't you make the floors level? The different levels just look to me as some old saloon design. I'd really like an answer to these questions. Also, why is it the policy is to only take cash in this credit card/computer age?

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed almost 20 years ago. That was July 26, 1990. July 26, 2009 will be the 19th anniversary. During that time, places like yours were to be made accessible. Yancy's is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 19 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Yancy's once it's accessible to me. I may still come back before you do the work just because it is a happening place. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

July 17, 2009

Owner of the Building
Yancy's Saloon
734 Irving Street
San Francisco, CA 94122

Dear Owner of Building for Yancy's:

Recently, I visited Yancy's on a couple of occasions. As I use a wheelchair, I had problems with all the different levels and steps. Why are there so many levels? I couldn't get to the restrooms because there were no signs and I couldn't go look for them. Are the restrooms usable for the disabled? Why can't you make the floors level? The different levels just look to me as some old saloon design. I'd really like an answer to these questions. Also, why is it the policy is to only take cash in this credit card/computer age?

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed almost 20 years ago. That was July 26, 1990. July 26, 2009 will be the 19th anniversary. During that time, places like yours were to be made accessible. Yancy's is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 19 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Yancy's once it's accessible to me. I may still come back before you do the work just because it is a happening place. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.


Sincerely,

Craig Yates